PEOPLE *v.* BABER

1. Criminal Law — Evidence — Collecting Evidence — Police's Duty.

   The police and prosecution do not have the duty to exhaust all scientific means available in collecting evidence at the scene of a crime.

2. Criminal Law—Due Process—Evidence—Collecting Evidence —Police's Duty.

   Police failure to check footprints in the snow near the scene of a breaking and entering with which defendant was charged to determine whether they matched defendant's footprints, failure to test a gun found at the scene of the crime for fingerprints even though the weapon did not belong to the complainant, failure to check a broken window and screen through which the defendant allegedly escaped for fibers of clothing to be compared with the defendant's clothing, and failure to check the house broken into for fingerprints did not constitute a denial of due process.

Appeal from Saginaw, Eugene Snow Huff, J. Submitted Division 3 January 19, 1970, at Detroit. (Docket No. 8018.)   Decided February 23, 1971.

Charles Baber, Jr., was convicted of breaking and entering with intent to commit a felony and larceny. Defendant appeals.   Affirmed.

References for Points in Headnotes

[1, 2]  16 Am Jur 2d, Constitutional Law § 542 *et seq.*
[2]  21 Am Jur 2d, Criminal Law § 226.
   29 Am Jur 2d, Evidence §§ 367, 374, 375, 377, 770.
   30 Am Jur 2d, Evidence § 1145.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George Thick, II,* Prosecuting Attorney, and *Gust Triantafillou,* Assistant Prosecuting Attorney, for the people.

*Henry L. Greenwood,* for defendant on appeal.

Before: Lesinski, C. J., and J. H. Gillis and V. J. Brennan, JJ.

Per Curiam.  Defendant appeals from a jury conviction on a charge of breaking and entering with intent to commit a felony and larceny.[1]  Plaintiff moves to affirm.

The evidence against defendant in this case was overwhelming.  Police were summoned when neighbors observed two men acting suspiciously in front of the Moon residence in Saginaw, Michigan.  The first officer to arrive at the scene of the crime observed two men coming out of the Moon residence.  While leaving the house they saw the police and ran back into the residence.  One of these men was identified by eyewitness evidence as being the defendant.  After the men reentered the house the police heard the sound of breaking glass.  They went to the rear of the house and found a window had been broken out.  They followed one set of footprints in the fresh snow and apprehended the defendant approximately one block from the Moon residence.  They searched the defendant and found on his person a screwdriver with the tip broken off.  In a subsequent investigation the tip of the screwdriver was discovered lodged in the lock which had been broken to gain entry to the house.  Further, the defendant had on his person at the time of his arrest

---

[1] MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305).

a roll of Kennedy half-dollars which had been marked by the owner with his name, "Moon".

Defendant's only claim of error is that his conviction was invalid because the police did not exhaust all scientific means in collecting evidence at the scene of the crime. Defendant claims that failure to collect such evidence and submit it to the jury constituted denial of due process. Defendant alleges and plaintiff does not deny that the police did not check the footprints in the snow to determine whether they matched defendant's footprints; that the police did not test a gun found at the scene of the crime for fingerprints even though such weapon was not the property of the Moons; that the broken window and screen through which the defendant allegedly escaped were not checked for fibers to be compared with the clothing of the defendant; and that no fingerprints were taken in the house. Defendant claims only that such evidence *might have been* favorable to the defendant and that, therefore, due process required that such evidence be gathered and submitted to the jury.

Defendant cites a number of cases in which he attempts to support this position. A review of those cases, however, reveals that they are concerned with questions of suppression of such evidence by the prosecution or exclusion of the evidence at trial. They do not support defendant's claim that failure to collect such evidence at the scene of the crime denied him due process.

The Michigan Supreme Court in *People* v. *Allen* (1958), 351 Mich 535, held that it was not the duty of the police or the people to exhaust all scientific means available in collecting evidence at the scene of a crime.

It is obvious, therefore, that defendant was not denied due process because the police did not gather

all possible evidence at the scene of the crime by scientific means. It is further obvious, that even in the absence of such evidence, the evidence submitted to the jury was sufficient to justify a verdict of guilty by the jury.

Further, the issue was not raised before the trial court and should not be considered for the first time on appeal. *People* v. *White* (1970), 25 Mich App 176.

Motion to affirm is granted.