## PEOPLE v McCUMBY

Docket No. 64831. Submitted June 16, 1983, at Lansing.—Decided December 5, 1983. Leave to appeal applied for.

Defendant, David S. McCumby, was convicted by a jury in the Cheboygan Circuit Court, Robert C. Livo, J., of subornation of perjury. Defendant appeals alleging several errors. *Held:*

1. The subornation of perjury statute is not void for vagueness. The statute clarifies the meaning of the term "subornation" by the addition of the language "by procuring another to commit the crime of perjury". The word "procurement" does enjoy widespread usage. Thus, the meaning of the word "subornation" is sufficiently clear to inform a person that he shall not procure another to commit the crime of perjury.

2. The subornation of perjury statute is not overbroad. The defendant's right to secure witnesses is to be balanced against the public policy that the testimony of witnesses shall be taken under an oath to tell the truth and thus be free from perjury.

3. Defendant's argument that the trial court allowed the jury to speculate as to the meaning of the subornation of perjury statute fails. The trial court's approach did not call for mere speculation.

4. The trial court did not commit an abuse of discretion by denying a motion for a new trial. The testimony of the witness Boda, if believed, provided sufficient evidence from which the jury could have rationally determined that the defendant urged or tried to get her to commit perjury.

Affirmed.

1. PERJURY — CONSTITUTIONAL LAW — SUBORNATION OF PERJURY.

The subornation of perjury statute is not unconstitutionally vague or overbroad (MCL 750.424; MSA 28.666).

REFERENCES FOR POINTS IN HEADNOTES

[1] 60 Am Jur 2d, Perjury § 67 *et seq.*

[2-4] 73 Am Jur 2d, Statutes § 346.

Supreme Court's views as to overbreadth of legislation in connection with First Amendment's rights. 45 L Ed 2d 725.

[5] 73 Am Jur 2d, Statutes §§ 184, 204-208, 223.

[6] 5 Am Jur 2d, Appeal and Error §§ 786, 883.

[7] 5 Am Jur 2d, Appeal and Error §§ 821, 831.

2. Constitutional Law — Statutes — Vagueness.

A criminal statute may be challenged for vagueness on the grounds that it: (1) is overbroad, impinging on First Amendment freedoms, or (2) does not provide fair notice of the conduct proscribed, or (3) is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether an offense has been committed.

3. Constitutional Law — Overbreadth — Vagueness — First Amendment.

The two legal concepts of "overbreadth" and "vagueness" are not synonymous, although both may impinge on First Amendment freedoms; the doctrine of overbreadth is primarily applied to First Amendment situations where an overbroad statute prohibits constitutionally protected conduct (US Const, Am I).

4. Constitutional Law — Perjury — Vagueness.

A vaguely worded perjury statute may impinge on a person's First Amendment right to freedom of speech, on a person's right to due process under the Fifth and Fourteenth Amendments, and may subject a person to arbitrary and discriminatory enforcement of the law (US Const, Ams I, V, XIV).

5. Constitutional Law — Statutes — Judicial Construction.

A statute is not vague when the meaning of the words in controversy can be fairly ascertained by reference to judicial determinations, the common law, dictionaries, treatises or even the words themselves, if they possess a common and generally accepted meaning.

6. Appeal — Criminal Law — Evidence.

The test to be applied to a defendant's claim that a conviction is not supported by sufficient evidence is whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

7. Appeal — Criminal Law — Evidence.

The question of whether a conviction is against the great weight of the evidence generally involves issues of the credibility of witnesses or circumstantial evidence; the Court of Appeals, in reviewing this issue on appeal, looks to whether there was an abuse of discretion by the trial court in denying a motion for a new trial rather than resolving credibility issues anew.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph P. Kwiatkowski,*

Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

State Appellate Defender (by *Mardi Crawford),* for defendant on appeal.

Before: M. J. KELLY, P.J., and SHEPHERD and R. I. COOPER,* JJ.

R. I. COOPER, J. Defendant was convicted at a jury trial of subornation of perjury, MCL 750.424; MSA 28.666. Two police officers testified that after they pulled a car over for a traffic violation they observed defendant McCumby switch places with the driver of the car. The officers issued a citation to Mike Lacombe, the man they considered to be the original driver prior to the post-stop switch. At Lacombe's trial, Billie Jo Boda testified that the defendant herein, David Scott McCumby, was the actual driver up to the time that the vehicle was stopped by the officers. Lacombe was thus acquitted.

At a later time Boda admitted to police officers that her testimony at Lacombe's trial was untrue. At the trial for subornation of perjury against defendant McCumby, Boda testified that defendant had switched places with the original driver after the stop. She testified that defendant McCumby had asked her to testify on Mike Lacombe's behalf. She stated that defendant McCumby had discussed with her the story she would present at Lacombe's trial and that he tried to allay her fears about getting into trouble. Boda testified that she lied at Lacombe's trial because she did not want Lacombe to get into trouble.

Defendant McCumby testified that he ap-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

proached Boda only after Lacombe's attorney suggested that Lacombe needed a corroborative witness. Defendant McCumby thus approached Boda for the reason that she was present in the car at the time of the stop. Defendant stated that he asked her if she would testify and she said she would. Defendant denied that he told Boda to lie in court, but he admitted that he drove her to the courthouse.

On rebuttal, Boda testified that defendant's denial of having told her what to say was untrue. She stated on rebuttal that, but for defendant's contact with her, she would not have testified as she did. On cross-examination during rebuttal, Boda admitted that she knew what she was doing and that she did so of her own free will and free choice.

On appeal defendant argues that the subornation of perjury statute is void for vagueness. The statute reads as follows:

"Any person who shall be guilty of subornation of perjury, by procuring another person to commit the crime of perjury, shall be punished as provided in the next preceding section." MCL 750.424; MSA 28.666.

Defendant contends that due to vagueness there is no proper notice of what conduct is prohibited, thus violating a person's right to due process under the Michigan and United States Constitutions. Defendant argues that this in turn inhibits one's constitutional right to freedom of speech. Further, he argues that such vagueness allows arbitrary and discriminatory enforcement.

The case of *Woll v Attorney General,* 409 Mich 500, 533; 297 NW2d 578 (1980), citing *Grayned v Rockford,* 408 US 104, 108-109; 92 S Ct 2294; 33 L Ed 2d 222 (1972), provides:

"A statute may be challenged for vagueness on the grounds that it

"—is overbroad, impinging on First Amendment freedoms, or

"—does not provide fair notice of the conduct proscribed, or

"—is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether an offense has been committed."

Although *Woll* incorporates the concept of "overbreadth" as part of the definition of vagueness, the two legal concepts are not synonymous, although they both may impinge on First Amendment freedoms. In fact, the *Grayned* case defines vagueness on pages 108-109 and overbreadth on pages 114-115. In summary, the doctrine of overbreadth is primarily applied to First Amendment situations where an overbroad statute prohibits constitutionally protected conduct such as in *Grayned,* where the defendant argued that an anti-noise ordinance unduly interfered with his right to picket on a public sidewalk near a school. See *Grayned, supra,* pp 114-115. It is a matter of logic that a perjury statute which is vaguely worded may also impinge on a person's First Amendment right to freedom of speech. In addition, statutes that are unconstitutionally vague may infringe on a person's right to due process under the Fifth and Fourteenth Amendments in that a person is not put on notice as to what is prohibited. Further, vagueness may subject a person to arbitrary and discriminatory enforcement of the law. *Grayned, supra,* pp 108-109.

In our case, although the term "subornation" is not commonly used by the general public, the term has been utilized on a continuing basis by the appellate courts of this jurisdiction. See *In the*

*Matter of Grimes,* 414 Mich 483, 493; 326 NW2d 380 (1982); *People v White,* 411 Mich 366, 384, fn 4; 308 NW2d 128 (1981); *In the Matter of Del Rio,* 400 Mich 665, 696; 256 NW2d 727 (1977). Certainly our court decisions would not be familiar to the general public. However, the statute involved clarifies its meaning by the addition of the language "by procuring another person to commit the crime of perjury". The meaning of the word "procurement" has been recently addressed in *People v Masten,* 414 Mich 16; 322 NW2d 547 (1982). The word "procurement" does enjoy widespread usage. The following language sheds light on the present case:

"A statute is not vague when the meaning of the words in controversy can be fairly ascertained by reference to judicial determinations, the common law, dictionaries, treatises or even the words themselves, if they possess a common and generally accepted meaning." *Bowers v State,* 283 Md 115, 125; 389 A2d 341 (1978).

The meaning of the word "subornation" is sufficiently clear, when one considers the statutory language which follows it, to inform a person that he shall not procure another to commit the crime of perjury.

Regarding the issue of overbreadth, a defendant should not be chilled in his right to secure witnesses on his own behalf. One's right to freedom of speech and association should not be infringed upon. However, there is an equally important public policy which goes to the heart of our trial system, namely, that the testimony of witnesses shall be taken under an oath to tell the truth and thus be free from perjury. In a sense, one who procures perjury is equally guilty as an aider and

abettor. In applying a balancing concept, the subornation statute cannot be found to be overbroad.

Defendant argues that the trial court committed reversible error by allowing the jury to speculate as to the meaning of the subornation of perjury statute. Defendant fails in his argument. The trial judge was confronted with a concern that the jury might not understand the language of the statute. He thus not only defined the terms "subornation" and "procure" and read the standard jury instruction regarding subornation of perjury, but also ruled that the attorneys would be permitted to argue the meaning of the terms freely. The attorneys were given the opportunity to relate the application of the terms "subornation" and "perjury" to the conduct and utterances of the parties. The trial court's approach did not call for mere speculation, but instead allowed both the prosecution and defendant to seek to apply the facts involved in the case to the terms used in the statute.

Defendant argues that his conviction is not supported by sufficient evidence and does not comport with the great weight of the evidence. The test for sufficiency of the evidence is whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. See *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979); *People v Delongchamps,* 103 Mich App 151; 302 NW2d 626 (1981), *lv den* 412 Mich 857 (1981).

Boda's testimony, if believed, provided sufficient evidence from which the jury could have rationally determined that defendant urged or tried to get her to commit perjury. She testified that the defendant discussed the false testimony with her and prompted her to give an account of the circumstances which was untrue.

The question of whether a conviction is against the great weight of the evidence generally involves issues of credibility or circumstantial evidence. See *People v Scotts,* 80 Mich App 1, 9; 263 NW2d 272 (1977). In reviewing this issue on appeal, the Court looks to whether there was an abuse of discretion in denying the motion for a new trial rather than resolving credibility issues anew. See *People v Atkins,* 397 Mich 163, 172; 243 NW2d 292 (1976). Again, however, Boda's testimony was that defendant had discussed her false testimony with her prior to her testifying at Lacombe's trial. Defendant searched for, found and brought Boda to the trial. We find that the trial court did not commit an abuse of discretion by denying the motion for a new trial.

Affirmed.