PEOPLE v BUCKNER

Docket No. 76686. Submitted April 10, 1985, at Lansing.—Decided August 6, 1985.

Kevin D. Buckner was convicted by a jury of assault with intent to do great bodily harm less than murder, and sentenced to a term of from 5 to 10 years' imprisonment, Genesee Circuit Court, Judith A. Fullerton, J. Defendant appealed, alleging several errors. *Held:*

1. Defendant's preliminary examination was delayed twice and was held more than the statutorily-allotted 12 days after arraignment without the magistrate's placing an explanation on the record. The error of failing to state the reasons for the delay on the record was harmless in this case, however, because the reasons were self-evident from the record, and the primary reason for delay, the fact that the victim remained in the hospital and so could not testify, was good cause for delay.

2. The police had no duty to seek out and find exculpatory evidence. In this case the evidence which defendant sought, a gun from the home of the victim, would have added nothing to the defendant's case.

3. Defendant was not denied the effective assistance of counsel by counsel's failure to cross-examine three witnesses regarding certain matters which were irrelevant to the defendant's case. Further, defendant failed properly to preserve the issue for review.

4. Defendant's failure to file a motion for a new trial pre-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Criminal Law § 411 *et seq.*
See the annotations in the ALR3d/4th Quick Index under topic Preliminary or Pretrial Matters.
[3] Am Jur 2d, Criminal Law § 998 *et seq.*
[4] Am Jur 2d, Witnesses § 463 *et seq.*
See the annotations in the ALR3d/4th Quick Index under topic Cross-Examination.
[5] Am Jur 2d, Apeal and Error § 646.
See the annotations in the ALR3d/4th Quick Index under topic New Trial.

cludes consideration of the allegation that the verdict was against the great weight of the evidence.

5. The trial court did not abuse its discretion by imposing a 5 to 10 year sentence.

Affirmed.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — CONTINUANCE — WITNESSES.

The absence of a material witness is good cause for continuance of a preliminary examination for a reasonable period beyond the statutorily-mandated 12 days after arraignment within which the preliminary examination must normally be held where it appears probable that the witness will be produced and will testify (MCL 766.4, 766.7; MSA 28.922, 28.925).

2. CRIMINAL LAW — PRELIMINARY EXAMINATION — DELAY IN HOLD-ING EXAMINATION.

The failure of an examining magistrate to state on the record the reasons for a delay in holding a preliminary examination is harmless error where the reasons and the sufficiency of those reasons are self-evident from the record (MCL 766.7; MSA 28.925).

3. CRIMINAL LAW — POLICE — EXCULPATORY EVIDENCE.

The police have no duty to seek out and find exculpatory evidence.

4. CRIMINAL LAW — WITNESSES — CROSS-EXAMINATION.

The right to confront witnesses does not include a right to cross-examine them on irrelevant issues.

5. CRIMINAL LAW — APPEAL — MOTION FOR NEW TRIAL — PRESERV-ING QUESTION.

A defendant who alleges that the verdict is against the great weight of the evidence must file a motion for a new trial in order to preserve the issue for review; the Court of Appeals reviews a trial court's denial of a motion for new trial for an abuse of discretion.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Michael J. Breczinski,* for defendant on appeal.

Before: R. B. BURNS, P.J., and SHEPHERD and B. A. JASPER,* JJ.

PER CURIAM. Defendant was charged with assault with intent to commit murder, MCL 750.83; MSA 28.278. A jury convicted him of assault with intent to do great bodily harm, MCL 750.84; MSA 28.279. The trial court sentenced him to from 5 to 10 years' imprisonment. Defendant appeals as of right. We affirm.

The matter originated with a dispute at a gambling establishment. Two and one-half weeks before the offense, defendant's brother took some money from the hand of the victim's uncle and fled. The victim demanded return of the money. According to defendant, his brother lost the money in dishonest dice and card games. In any event, defendant sought out the victim and argued with him about the stolen money. Defendant testified that, as he was leaving, the victim brandished a gun. Defendant ran to his cousin's home, loaded a rifle, put the weapon inside a garment bag and returned to confront the victim. The victim retreated inside the house and shut the door. Within seconds, the gun discharged. The bullet traveled through the door and wounded the victim in the chest.

At the preliminary examination, the victim testified that he had left the hospital the day before the examination.

Defendant claimed he neither pulled the trigger nor intended to shoot the victim. The rifle just "went off" as defendant shifted the weapon in his hands.

In addition to the charged offense and assault with intent to do great bodily harm, the trial court

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

issued jury instructions on felonious assault, MCL 750.82; MSA 28.277, and careless, reckless or negligent use of a firearm, MCL 752.861; MSA 28.436(21).

Defendant's brief contains five claims, none of which has merit.

Defendant argues that reversal is required because of a 29-day delay between arraignment and the preliminary examination. Under MCL 766.4; MSA 28.922, the arraigning magistrate must set a date for a preliminary examination not exceeding 12 days after the arraignment. If an adjournment is granted, the magistrate is required by MCL 766.7; MSA 28.925 to place upon the record reasons for the delay which establish "good cause", even if the defendant and prosecutor stipulate to the adjournment. This the magistrate did not do. Rather, a timely examination date was set, but the examination was twice delayed thereafter, with no explanation placed on the record. Nevertheless, we conclude that the delay was not a violation of the 12-day rule, MCL 766.4, since "good cause" for the delay plainly appears elsewhere in the record. MCL 766.7. The victim of the shooting testified that he was hospitalized until the day before the preliminary examination. "The absence of a material witness is good cause for continuance for a reasonable period, where it appears probable that the witness will be produced and will testify." *People v Den Uyl,* 320 Mich 477, 488; 31 NW2d 699 (1948); *People v Spalding,* 17 Mich App 73, 76; 169 NW2d 163 (1969). Since the required good cause was established by the record, we hold that the error of the magistrate was harmless. We do not hold that the error is harmless because the defendant suffered no prejudice by the delay. The Supreme Court has specifically held that lack of prejudice is not to be considered. *People v Weston,*

413 Mich 371; 319 NW2d 537 (1982). Rather, we hold that the failure to state reasons on the record is harmless error if the reasons and their sufficiency are self-evident from the record.

Defendant asserts that the police have a duty to find all evidence relating to an offense and that they violated this duty by failing to search the victim's home for the gun which the victim allegedly brandished at defendant. According to defendant, production of the weapon would have bolstered his testimony that he confronted the victim only to retaliate for the prior assault. We are not persuaded by this argument.

Defendant offers no support for the existence of a duty on the part of the police to seek and find exculpatory evidence. In fact, there are decisions to the contrary. *People v Allen,* 351 Mich 535, 548; 88 NW2d 433 (1958); *People v Baber,* 31 Mich App 106, 108; 187 NW2d 508 (1971). Even if the police had such a duty, it would be restricted by the constitutional rights of the victim. US Const, Am IV. A search of the victim's home in this case would have been without probable cause, even if defendant had told his story to the police (a fact not apparent from defendant's brief, and one we see no need to verify in order to reach a decision). There was no evidence that the victim had a gun when defendant shot him. Moreover, defendant theorized that the shooting was accidental, not that it was an act of self-defense. Production of the firearm would have added nothing to defendant's case.

Defendant argues that he was deprived of a reasonably likely chance of acquittal by two mistakes of his trial attorney. *People v Garcia,* 398 Mich 250, 266; 247 NW2d 547 (1976). Defendant contends his attorney erred by failing to cross-examine three of the people's witnesses (the victim and

two others) concerning their friendship, and by not delving into the alleged use of the home where the shooting occurred as a "dope house".

Neither the witnesses' friendship nor the use of the home as a site for drug transactions is a fact appearing in the record. Defendant has not preserved the issue for appeal. *People v Ginther,* 390 Mich 436, 442-443; 212 NW2d 922 (1973). Even if defendant's allegations are true, defendant suffered no prejudice. The alleged illegal activity at the home had no relevance to defendant's case. The right to confront witnesses does not include a right to cross-examine on irrelevant issues. *People v Arenda,* 416 Mich 1, 8; 330 NW2d 814 (1982); *People v Jackson,* 108 Mich App 346, 349; 310 NW2d 238 (1981). As for the witnesses' friendship, defendant urges that it would have indicated to the jury that the witnesses were being less than truthful when they denied that the victim had a gun. This argument lacks merit because, as noted above, there was no evidence that the victim had a gun later when defendant shot him. It is also noteworthy that even defendant's brother-in-law did not recall observing the weapon which, according to defendant, the victim displayed earlier when the brother-in-law was present.

Next, defendant argues that the verdict was against the great weight of the evidence. Defendant did not file a motion for new trial. We review a denial of a motion for new trial for an abuse of discretion. Defendant has failed to preserve this issue for appeal. *People v McCumby,* 130 Mich App 710, 716-717; 344 NW2d 338 (1983); *People v Matthews,* 53 Mich App 232, 235; 218 NW2d 838 (1974).

Even if we view defendant's argument as a challenge to the sufficiency of the evidence, the record allows no relief. Defendant and the victim

had an argument. Defendant left, obtained a weapon, loaded it and returned, as defendant admitted, to put the gun "in his face". The victim attempted to take refuge in the house. Defendant caused the gun to discharge, sending a bullet through the door and into the victim's chest. We believe the evidence was sufficient to convince a rational trier of fact of defendant's intent to harm the victim. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979); *McCumby, supra,* p 716.

Defendant characterizes his sentence as an abuse of discretion. He urges that his actions resulted from a sense of familial duty, a feeling of which "there is generally too little" in today's society. However, even such praiseworthy motivations do not justify acts of aggressive violence. The sentence of from 5 to 10 years' imprisonment does not shock our conscience. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

Affirmed.