# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEONDRA LAMONT LIGGION,

Defendant-Appellant.

UNPUBLISHED
April 26, 2016

No. 325166
Kalamazoo Circuit Court
LC No. 2013-001818-FC

Before: SAAD, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

Defendant appeals his jury trial convictions of second-degree murder, MCL 750.317; assault with intent to do great bodily harm less than murder, MCL 750.84; felon in possession of a firearm, MCL 750.224f; and three counts of possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. Because there is sufficient evidence to support his convictions, we affirm.

Defendant's sole argument on appeal is that the evidence at trial was insufficient to support his second-degree murder conviction, assault with intent to do great bodily harm conviction, and the two felony-firearm convictions related to those crimes. A challenge to the sufficiency of the evidence supporting a criminal conviction is reviewed de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). This Court considers the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution proved the essential elements of the crime beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992); *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014).

With respect to second-degree murder, defendant argues that the prosecution did not prove that he caused Jeffrey Pratt's death. To sustain a conviction for second-degree murder, the prosecution must prove the following elements: "(1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse." *People v Goecke*, 457 Mich 442, 463-464; 579 NW2d 868 (1998). Defendant only challenges the causation element on appeal.

Viewing the evidence in a light most favorable to the prosecution, there is sufficient evidence for a rational jury to find that defendant caused Pratt's death. There is no dispute that Pratt's death was caused by a gunshot wound to his head. Defendant admitted that he fired a

-1-

particular Ruger nine-millimeter handgun inside a crowded club on the night of a party, and this gun was recovered by the police. There is expert testimony that a nine-millimeter bullet found in the ceiling of the club, a nine-millimeter bullet recovered from Kira Briley's arm, and two nine-millimeter shell casings found inside the club were all fired by defendant's handgun. The expert also reconstructed the flight path of the bullet recovered from the ceiling and determined that the bullet travelled in a southeast direction at a 19-degree angle before hitting the ceiling. The expert further opined that Pratt was struck by a bullet in "stabilized" flight while the bullet that hit Briley's arm must have hit another object before it struck her. Police officers found no evidence that a bullet had ricocheted off of any object inside the club. There is evidence that placed defendant in the northwest part of the club, near the area of origination for the nine-millimeter bullet that was recovered from the ceiling of the club. Eyewitnesses also testified that multiple shots were fired from the northwest part of the club. Briley was in the southeast part of the club when she was hit and Pratt's body was found in the middle of the room. Based on this evidence, the expert witness opined that one nine-millimeter bullet hit Pratt in stabilized flight, became de-stabilized so as to lose energy, and then hit Briley, ultimately becoming lodged in her arm.

Considering all of the evidence in the light most favorable to the prosecution, a reasonable jury could have found beyond a reasonable doubt that defendant fired two shots along a similar northwest-to-southeast path, that one of those bullets passed through Pratt's head and then struck Briley in the arm, and that Pratt died as a result. Such a finding is consistent with the opinion of the prosecution's expert witness. When we review a challenge to the sufficiency of the evidence, our Court "is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Therefore, the evidence is sufficient to support defendant's conviction for second-degree murder.

Nevertheless, defendant essentially argues on appeal that causation was not proven conclusively. However, certainty is not the appropriate standard. The prosecution does not have to disprove every reasonable alternate theory. *Id.* Instead, the prosecution is only obligated to "introduce evidence sufficient to convince a reasonable jury in the face of whatever contradictory evidence the defendant may provide." *People v Konrad*, 449 Mich 263, 273 n 6; 536 NW2d 517 (1995). Moreover, the jury had the opportunity to weigh the evidence and evaluate the credibility of the witnesses. This Court does not interfere with this role of the jury, and "[a]ll conflicts in the evidence are resolved in favor of the prosecution." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014).

Further, there is also sufficient evidence in the record to support defendant's conviction for assault with intent to do great bodily harm. The elements of assault with intent to do great bodily harm less than murder are "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997). On appeal, defendant only challenges the intent element. "Assault with intent to commit great bodily harm is a specific intent crime." *Id.* Conviction requires that the defendant had the intent to cause injury that is serious or aggravated in nature. *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005). Because intent is difficult to prove, minimal circumstantial evidence is sufficient to demonstrate the required intent. *Stevens*, 306 Mich App at 629. It is permissible to infer the

intent to cause serious physical harm from the defendant's actions, such as the use of a dangerous weapon, as well as injuries sustained by the victim. *Id*.

Here, it can be inferred from defendant's actions that he intended to cause serious or aggravated injury. On the night of the shooting, defendant left the party after seeing someone with a gun, retrieved his own gun, returned to the party with the gun, and fired it inside the crowded club. A gun is a lethal weapon likely to cause serious injury. See *People v Bulls*, 262 Mich App 618, 622, 627; 687 NW2d 159 (2004). The jury could have reasonably found that defendant fired his gun into the crowd, rather than straight into the air, based on expert testimony that the bullet fired by defendant's gun and found in the ceiling of the club had traveled at a 19-degree angle, which shows a flight path that is fairly low, i.e., more parallel than perpendicular to the ground. Briley was in fact injured by another bullet fired by defendant's gun. Because defendant took deliberate steps to obtain a lethal weapon, shot it into a crowd of people, and injured Briley as a result, it was reasonable for the jury to infer that defendant intended to cause great bodily harm. *Stevens*, 306 Mich App at 629; *People v Buckner*, 144 Mich App 691, 693, 696-97; 375 NW2d 794 (1985) (finding sufficient evidence of intent to do great bodily harm where the defendant, in response to seeing the victim with a gun, left the scene and returned with a loaded rifle, which somehow discharged and injured the victim).

Defendant nonetheless argues that because there was no evidence that he knew or intended to harm Briley, the jury must have relied on the transferred-intent instruction[1] to find the requisite intent. Defendant further argues that this means the evidence of intent was insufficient because he merely fired his weapon indiscriminately into the air, there was no evidence that he intended to hurt anyone else, and thus there was no intent that could be transferred to Briley. According to the doctrine of transferred intent, " 'where A aims at B with intent to injure B but, missing B, hits and injures C, A is guilty of battery of C.' " *People v Lovett*, 90 Mich App 169, 171; 283 NW2d 357 (1979) (citation omitted). Defendant maintains that he cannot be guilty of assaulting C without identifying B.

However, defendant did not need to specifically intend harm to Briley or any other specifically identified individual to possess the requisite intent. In other words it is not necessary to conclusively identify B in order to show defendant's intent. Instead, " '[i]t is only necessary that the state of mind exist, not that it be directed at a particular person.' " *People v Lawton*, 196 Mich App 341, 351; 492 NW2d 810 (1992), quoting *Lovett*, 90 Mich App at 172; see also *People v Abraham*, 234 Mich App 640, 658; 599 NW2d 736 (1999) ("A person may have that state of mind [intent to kill] without directing it at any particular victim."). Moreover, it is also reasonable to infer that defendant intended to shoot *someone* when he took deliberate steps to obtain a gun, returned to the party, and fired the weapon into the crowd. That intent transfers to Briley even if the identity of the originally intended victim is unknown. See *People v Raher*, 92 Mich 165, 166; 52 NW 625 (1892) (holding that the act of shooting into a crowd with the intent

---

[1] The transferred-intent instruction was given as part of the instructions on first-degree murder, but the prosecutor also included a transferred-intent theory as part of his closing argument relating to the assault charge.

-3-

to harm anyone in the crowd, although no intended victim was specifically identified, is itself sufficient to establish the intent to do great bodily harm because "[i]t has been held that where a prisoner fired a gun in the direction of a crowd he was guilty of assault upon each").

In sum, there is more than the minimal circumstantial evidence needed to prove beyond a reasonable doubt that defendant possessed the intent to cause serious, aggravated injury. Therefore, the evidence is sufficient to support defendant's conviction for assault with intent to do great bodily harm less than murder.

Finally, there is also sufficient evidence in the record to support defendant's two accompanying felony-firearm convictions. A conviction for felony-firearm requires the prosecution to show that the defendant (1) committed or attempted to commit a felony and (2) possessed or carried a firearm in the process. *People v Burgenmeyer*, 461 Mich 431, 438; 606 NW2d 645 (2000); *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Here, there is sufficient evidence that defendant committed the predicate felonies of second-degree murder and assault with intent to do great bodily harm, and defendant admitted to police that he carried and used a gun at the time these crimes took place. Furthermore, both the murder and the assault were committed with a firearm. Therefore, the evidence was sufficient to support defendant's convictions for felony-firearm.

Affirmed.

/s/ Henry William Saad
/s/ Stephen L. Borrello
/s/ Michael F. Gadola