PEOPLE v MITCHELL

Docket No. 82211. Submitted October 17, 1985, at Detroit.—Decided February 4, 1986.

Defendant, Michael Mitchell, was charged with assault with intent to commit murder in Detroit Recorder's Court. After a bench trial, defendant was convicted of assault with intent to do great bodily harm less than the crime of murder and sentenced to a term of from 6 to 10 years in prison, Justin C. Ravitz, J. Defendant appealed. *Held:*

1. The elements of assault with intent to do great bodily harm less than the crime of murder include (1) an attempt or offer with force or violence, to do corporal hurt to another, (2) coupled with an intent to do great bodily harm less than murder.

2. If a defendant has an intent to do great bodily harm, the fact that he was provoked or that he acted in the heat of passion is irrelevant to a conviction of assault with intent to do great bodily harm less than murder. An assault is not mitigated to a lesser offense because of the existence of provocation.

3. The trial court's finding that defendant was sufficiently provoked, such that if the victim had died defendant could not have been convicted of murder but only of voluntary manslaughter, did not negate the specific intent necessary for a conviction of the crime of assault with intent to do great bodily harm less than murder.

Affirmed.

1. ASSAULT AND BATTERY — INTENT TO DO GREAT BODILY HARM.

The elements of assault with intent to commit great bodily harm less than murder are 1) an attempt or offer with force or violence to do corporal hurt to another, 2) coupled with an intent to do great bodily harm less than murder (MCL 750.84; MSA 28.279).

REFERENCES

Am Jur 2d, Assault and Battery §§ 13 *et seq.,* 51, 61, 62, 77.

See the annotations in the ALR3d/4th Quick Index under Aggravated Assault; Assault and Battery.

2. ASSAULT AND BATTERY — INTENT TO DO GREAT BODILY HARM.

> If a defendant had the intent to do great bodily harm less than murder, the fact that he was provoked or that he acted in the heat of passion is irrelevant to a conviction of assault with intent to do great bodily harm less than murder; an assault is not mitigated to a lesser offense because of the existence of provocation (MCL 750.84; MSA 28.279).

3. ASSAULT AND BATTERY — INTENT TO DO GREAT BODILY HARM.

> The term "intent to do great bodily harm less than the crime of murder" has been defined as an intent to do serious injury of an aggravated nature (MCL 750.84; MSA 28.279).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Curtis Smith,* Assistant Prosecuting Attorney, for the people.

*Preston L. Rinehart, III,* for defendant.

Before: BRONSON, P.J., and T. M. BURNS and C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendant was charged with assault with intent to commit murder, MCL 750.83; MSA 28.278. After a bench trial, he was found guilty of assault with intent to do great bodily harm less than the crime of murder, MCL 750.84; MSA 28.279, and was sentenced to a term of from 6 to 10 years imprisonment. He appeals his conviction as of right claiming that the trial court's findings of fact were insufficient to support a conviction of assault with intent to do great bodily harm. We affirm.

The charges against defendant arose out of a fight between defendant and a coworker. The trial court found that two separate altercations occurred between the two men while they were

---

* Circuit judge, sitting on the Court of Appeals by assignment.

inside the plant at which they worked. The trial judge found beyond a reasonable doubt that the second incident consisted of an attack by defendant upon his coworker; that it was an unjustified and inexcusable attack; that defendant was not exercising self-defense; and that he was in fact the aggressor while his coworker was trying with futility to defend himself from the attack. The victim sustained knife wounds around the head and shoulder area.

The trial court first considered whether the defendant should be convicted of the crime of assault with intent to commit the crime of murder. The court determined that defendant had been sufficiently provoked and that he was acting out of passion rather than judgment. The court concluded that, if the victim had died, defendant would not have committed the crime of murder, but would have committed only voluntary manslaughter. The court then found defendant guilty of the lesser included offense of assault with intent to do great bodily harm less than murder.

Defendant now claims that he could not be found guilty of the crime of assault with intent to do great bodily harm less than murder because of the court's findings in regard to provocation. Defendant contends that the finding of provocation negates the specific intent necessary for a conviction of the crime of assault with intent to do great bodily harm less than murder. We disagree.

The elements of assault with intent to do great bodily harm less than murder include (1) an attempt or offer with force or violence, to do corporal hurt to another, (2) coupled with an intent to do great bodily harm less than murder. MCL 750.84; MSA 28.279, *People v Smith,* 217 Mich 669, 673; 187 NW 304 (1922); *People v Leach,* 114 Mich App 732, 735; 319 NW2d 652 (1982). The only require-

ment in regard to intent is that a defendant have the intent to do great bodily harm. If a defendant has such intent, the fact that he was provoked or that he acted in the heat of passion is irrelevant to a conviction. An assault is not mitigated to a lesser offense because of the existence of provocation.

The need to address the provocation issue arose in this case only in connection with the trial court's consideration of the charge of assault with intent to commit the crime of murder, MCL 750.83; MSA 28.278. The court must consider provocation in connection with that crime since the statute refers to an assault with intent to commit "the crime of murder". The statute requires more than a simple intent to kill. Because the statute refers to the crime of murder, provocation is relevant. In a situation where provocation is present, if a killing had occurred, the defendant could only have been convicted of manslaughter. Since defendant could not have been convicted of murder if a killing had occurred, he could not be convicted of assault with intent to commit the crime of murder when the killing did not occur. It must be kept in mind that the statute does not refer to an assault with "intent to kill". A killing may be manslaughter, even though there is an intent to kill. *People v Bourne*, 385 Mich 170, 172; 188 NW2d 573 (1971).

The statute under which defendant was convicted, MCL 750.84; MSA 28.279, requires only an intent to do great bodily harm less than the crime of murder. The term "intent to do great bodily harm less than the crime of murder" has been defined as an intent to do serious injury of an aggravated nature. *People v Ochotski*, 115 Mich 601, 608; 73 NW 889 (1898). The elements of the crime of murder and the existence of provocation are irrelevant to a conviction under this statute.

Defendant relies principally on *People v Lilley,* 43 Mich 521; 5 NW 982 (1880), in support of the proposition that the existence of provocation prevents conviction of assault with intent to do great bodily harm less than murder. In *Lilley,* the defendant therein was charged with assault with intent to commit the crime of murder. The jury returned a verdict of "assault with intent to commit manslaughter". The Court held that there was no such offense. The *Lilley* Court considered a number of specific intent assault offenses and concluded that each of those offenses required a "deliberate" intent. The Court specifically held that the crime of "assault with intent to commit any other felony" required a deliberate intent. The Court further held that it was a contradiction in terms to say that a person could assault another with intent to commit manslaughter. Such is true because a person who acts in the heart of passion does not act out of deliberation. The Court stated that it would be a perversion of terms to apply the term "deliberate" to any act which is done on a sudden impulse. While a defendant does not deliberate if he acts in hot blood, he may still form an intent to kill or an intent to do great bodily harm.

As noted in *Ochotski, supra,* prior to 1883 we had no statute providing punishment for aggravated cases of assault and battery, that is, cases where the injuries inflicted were serious and of an aggravated nature. For the intermediate offenses of assault and battery, where serious bodily injuries were intended less than the crime of murder, no adequate punishment was provided. As a result, persons who were guilty of such offenses escaped punishment, except such as could be inflicted for a simple assault or assault and battery. It was to provide more severe punishments that the act establishing the crime of assault with intent to do

great bodily harm less than the crime of murder was passed. *Ochotski, supra,* p 607. Thus, the crime of assault with intent to do great bodily harm less than the crime of murder is in a position different from the various assault crimes which existed under previous statutes and which were considered by the Court in *Lilley, supra.* It does not require a "deliberate" intent, but only requires intent to do great bodily harm.

In regard to the exact question presently facing this Court, the *Ochotski* Court stated:

"The contention of counsel cannot be sustained that a conviction could not be had under this statute unless the jury found that the assault was committed with such an intent as would have made the respondent guilty of murder, and not merely manslaughter, if death had ensued as a result of such assault. That is not the offense sought to be punished by this statute. That offense is punishable under section 9088 [assault with intent to commit the crime of murder]. Neither can counsel be sustained in his contention that, if the assault was such that if death had ensued the offense would have been no more than manslaughter, then respondent could be convicted of no greater offense than simple assault. Such a case would have come directly within this statute under which the prosecution was had." *People v Ochotski,* 115 Mich 607-608.

Affirmed.