## PEOPLE v HARRINGTON

Docket No. 129445. Submitted April 21, 1992, at Lansing. Decided June 1, 1992, at 9:05 A.M. Leave to appeal sought.

Dennis R. Harrington was convicted by a jury in the Oakland Circuit Court, Gene Schnelz, J., of assault with intent to do great bodily harm less than murder, carrying a firearm or dangerous weapon with unlawful intent, and possession of a firearm during the commission of a felony. The charges arose out of the defendant's single act of firing a handgun at, but missing, the victim. He was sentenced to concurrent prison terms of six to ten years for the assault conviction and two to five years for the conviction of carrying a firearm or dangerous weapon with unlawful intent, and a consecutive two-year term for the felony-firearm conviction. The defendant appealed.

The Court of Appeals *held:*

1. The Double Jeopardy Clauses of the Michigan and United States Constitutions were not violated when the defendant was convicted both of assault with intent to commit great bodily harm less than murder and carrying a firearm or dangerous weapon with unlawful intent. The assault statute does not require possession of a firearm or dangerous weapon as an element of the crime and requires the commission of an actual assault, while the weapon statute requires possession of a firearm or dangerous weapon with the intent to use it illegally against another, but not an assault. The two statutes are neither hierarchical nor cumulative.

2. There was sufficient evidence to support the finding that the defendant had the specific intent to commit the assault. The fact that the bullet missed the intended victim does not negate the element of intent. No actual physical injury is required for the elements of the crime to be established.

3. The defendant's sentence is within the sentencing guidelines range and is proportionate.

Affirmed.

REFERENCES

Am Jur 2d, Assault and Battery § 51; Criminal Law § 277.

Limitations under double jeopardy clause of Fifth Amendment upon state criminal prosecutions — Supreme Court cases. 67 L Ed 2d 831.

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — ASSAULT WITH INTENT TO COMMIT GREAT BODILY HARM LESS THAN MURDER — CARRYING A WEAPON WITH UNLAWFUL INTENT.

   A defendant may be convicted of both assault with intent to commit great bodily harm less than murder and carrying a firearm or dangerous weapon with unlawful intent where the convictions arise out of a single act (US Const, Am V; Const 1963, art 1, § 15).

2. ASSAULT AND BATTERY — ASSAULT WITH INTENT TO COMMIT GREAT BODILY HARM LESS THAN MURDER — ELEMENTS.

   The elements of the offense of assault with intent to commit great bodily harm less than murder are an attempt or offer with force or violence to do corporal hurt to another, coupled with an intent to do great bodily harm less than murder; no actual physical injury is required (MCL 750.84; MSA 28.279).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Robert C. Williams,* Assistant Prosecuting Attorney, for the people.

*Charles P. Reisman,* for the defendant on appeal.

Before: McDONALD, P.J., and WAHLS and TAYLOR, JJ.

TAYLOR, J. Defendant was charged with assault with intent to murder,[1] carrying a firearm or dangerous weapon with unlawful intent,[2] and possession of a firearm during the commission of a felony.[3] He was convicted by a jury of the lesser offense of assault with intent to do great bodily harm less than murder,[4] as well as carrying a dangerous weapon with unlawful intent and fel-

---

[1] MCL 750.83; MSA 28.278.
[2] MCL 750.226; MSA 28.423.
[3] MCL 750.227b; MSA 28.424(2).
[4] MCL 750.84; MSA 28.279.

ony-firearm. He was sentenced to concurrent prison terms of six to ten and two to five years for the convictions of assault and carrying a dangerous weapon with unlawful intent, respectively, and the mandatory consecutive two-year term for the felony-firearm conviction. He appeals his convictions and sentences as of right, and we affirm.

At trial, the prosecutor presented evidence that defendant telephoned his girl friend's father and said that he was coming over to blow up his car and house. Within twenty minutes of the telephone call, defendant arrived in a pickup truck. When the victim stepped out to look at the license plate on the truck, defendant stuck his head out of the passenger window, yelled obscenities at the victim, and revealed a handgun. The victim jumped behind a tree, and defendant fired the gun from a distance of approximately twenty yards. The victim heard gunfire, saw the tree move, and heard a whirling noise three or four feet above his head. Although no bullet holes or bullet damage was found, the victim's version of the events was corroborated by another prosecution witness. Defendant denied having a firearm, yelling obscenities, or threatening the victim.

Defendant's first claim is that the Double Jeopardy Clauses of the Michigan and United States Constitutions[5] were violated when he was convicted of both assault with intent to commit great bodily harm less than murder and carrying a dangerous weapon with unlawful intent. He argues that the prosecutor artificially bifurcated a single crime by charging defendant separately for the preparation (carrying a dangerous weapon with the intent to attack someone) and the actual attack (the assault charge), thus double punish-

[5] US Const, Am V; Const 1963, art 1, § 15.

ment was imposed for a single crime. He also argues that both charges protect society against the same conduct.

Although defendant did not raise this issue in the trial court, we will review the issue because it involves a significant constitutional question. *People v Alexander,* 188 Mich App 96, 101; 469 NW2d 10 (1991).

Both the Double Jeopardy Clause of the United States Constitution and the similar provision of the Michigan Constitution protect against successive prosecutions for the same offense, and against multiple punishment for the same offense. *People v Bewersdorf,* 438 Mich 55, 72; 475 NW2d 231 (1991); *People v Sturgis,* 427 Mich 392, 400; 397 NW2d 783 (1986). The purpose of the double jeopardy protection against multiple punishments for the same offense is to protect the defendant's interest in not enduring more punishment than was intended by the Legislature. *People v Whiteside,* 437 Mich 188, 200; 468 NW2d 504 (1991). It is well settled that a double jeopardy challenge based on multiple-punishment grounds is resolved by ascertaining and enforcing the intent of the Legislature. *Bewersdorf* at 73; *Whiteside* at 201; *Sturgis* at 400, 405; *People v Robideau,* 419 Mich 458, 469; 355 NW2d 592 (1984); *People v Wakeford,* 418 Mich 95, 105-106; 341 NW2d 68 (1983); *People v Kaczorowski,* 190 Mich App 165, 169; 475 NW2d 861 (1991).

Under the federal test, two separate offenses generally exist when each offense requires proof of at least one fact that the other offense does not. *Blockburger v United States,* 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932); *People v Wilson,* 180 Mich App 12, 16; 446 NW2d 571 (1989). However, two offenses can have common elements and still be separate for double jeopardy purposes if the

legislative intent that separate offenses be created is clear from the face of the statutes or the legislative history. *Garrett v United States,* 471 US 773; 105 S Ct 2407; 85 L Ed 2d 764 (1985); *People v McKinley,* 168 Mich App 496, 503; 425 NW2d 460 (1988).

The Michigan Constitution, on the other hand, affords broader protection than does its federal counterpart. *People v Carter,* 415 Mich 558, 582; 330 NW2d 314 (1982). In reviewing a double jeopardy challenge on multiple-punishment grounds under the Michigan Constitution, we consider: (1) whether one statute prohibits conduct violative of a social norm distinct from the norm protected by the other statute, and (2) the amount of punishment authorized by each statute, and whether the statutes are hierarchical or cumulative. *Robideau* at 487; *Sturgis* at 407; *People v Crawford,* 187 Mich App 344, 348-349; 467 NW2d 818 (1991). Comparing the elements of the offense may also be a useful tool. *Sturgis* at 409; *Kaczorowski* at 170-171.

In this case, we note that assault with intent to commit great bodily harm less than murder is found in the "Assaults" chapter of the Penal Code. The elements of that offense are: (1) an attempt or offer with force or violence to do corporal hurt to another (an assault), (2) coupled with an intent to do great bodily harm less than murder. *People v Mitchell,* 149 Mich App 36, 38; 385 NW2d 717 (1986); CJI2d 17.7. Carrying a firearm or dangerous weapon with unlawful intent is found in the "Firearms" chapter of the Penal Code. The elements of that offense are: (1) carrying a firearm or dangerous weapon, (2) with the intent to unlawfully use the weapon against another person. *People v Smith,* 393 Mich 432, 437; 225 NW2d 165

(1975); *People v Davenport,* 89 Mich App 678, 682; 282 NW2d 179 (1979); CJI2d 11.17.

In the assault statute, the emphasis is on punishing crimes injurious to other people, regardless of whether a weapon is used to effect the injury. The focus of the weapon statute is on the carrying of the weapon. While the facts of this case make it appear that the two statutes punish the same behavior or protect the same social norm, such a conclusion is not borne out in all situations. As noted above, the assault statute does not require the possession of a firearm or dangerous weapon, while the weapon statute depends upon such possession. Also, the assault statute requires the commission of an actual assault, while the weapon statute requires only the intent to use the possessed weapon illegally against another, not a completed assault. The two statutes are neither hierarchical nor cumulative. For these reasons, we conclude that defendant's double jeopardy challenge fails under both constitutions.

Defendant's second claim is that insufficient evidence was adduced to support the requisite intent element of the offense of assault with intent to commit great bodily harm less than murder. Specifically, defendant claims that the threats he made to the victim cannot be the underpinning of a finding with regard to the intent element because the actual harm or activity done, i.e., the shooting, was different than the harm threatened, i.e., that he would blow up the victim's car and house. However, defendant cites no authority for the proposition that threats of a harm different from that actually perpetrated cannot be used as evidence of the intent to do great bodily harm.

Accordingly, we have viewed the evidence in the light most favorable to the prosecution, and conclude that a rational trier of fact could find that

the specific intent element was established beyond a reasonable doubt on the basis of the threats of harm defendant made to the victim, coupled with evidence that defendant called out to the victim using vulgar language and then fired a gun at him from a distance of approximately twenty yards. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985); *People v Buckner,* 144 Mich App 691, 697; 375 NW2d 794 (1985). See also *People v Flowers,* 191 Mich App 169, 179-180; 477 NW2d 473 (1991), where this Court held the evidence of intent to murder sufficient for purposes of binding over a defendant who hired others to severely beat the victim, offering to pay a premium for each bone broken, although the victim was ultimately shot in the back of the head. Contrary to defendant's argument in this case, the ·fact that the bullet missed the victim does not negate the intent element. No actual physical injury is required for the elements of the crime to be established. *Mitchell, supra;* CJI2d 17.7.

We also disagree with defendant's contention that the evidence of an assault was insufficient. The victim testified that defendant aimed the handgun at him and that the bullet went through the tree by which he was standing and passed approximately three or four feet over his head.

Finally, defendant claims that he is entitled to be resentenced because, by its comments, the sentencing court indicated that defendant was being sentenced as if he had committed assault with intent to murder rather than the lesser offense of which he was convicted. In this regard, defendant points out that the sentence imposed was only six months less than the maximum sentence permitted under the two-thirds rule of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). Because defendant's prior criminal record is made up

mostly of drug and alcohol offenses, defendant argues that the reasons given for the sentence do not support such a harsh sentence.

We have reviewed the sentencing court's comments, and find that the court merely pointed out to defendant the seriousness of his actions and the fact that he was lucky that no one was killed. We note that the sentence of six to ten years in prison falls within the computed sentencing guidelines range. Sentences falling within the guidelines range are presumed to be proportionate. *People v Milbourn,* 435 Mich 630, 635-636; 461 NW2d 1 (1990); *People v Dukes,* 189 Mich App 262, 266; 471 NW2d 651 (1991). Although a sentence falling within the guidelines range may violate the principle of proportionality in unusual circumstances, *Milbourn* at 661, no such circumstances are presented here.

Defendant's convictions and sentences are affirmed.