# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 16, 2016

Plaintiff-Appellee,

v

No. 320837
Wayne Circuit Court
LC No. 13-008347-FC

SHAUNANNA LAKEISHA GIBSON,

Defendant-Appellant.

Before: JANSEN, P.J., and SAWYER and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right her bench trial convictions of assault with intent to do great bodily harm less than murder (assault with intent to do great bodily harm), MCL 750.84, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to 18 months to 10 years for the assault with intent to do great bodily harm conviction and 2 years for the felony-firearm conviction. We affirm.

## I. FACTUAL BACKGROUND

This case arises from a shooting incident outside a home in Detroit, Michigan. The home belonged to the victim, Jobrena Hood. Defendant was the ex-girlfriend of Hood's cousin, Brian Whitmire, who lived at the home. Early one morning, defendant and Whitmire got into an argument outside the home. Hood called the police to break up the argument. Whitmire and defendant left, but defendant subsequently returned and challenged Hood to a fight. Eventually, defendant left again and returned in her car along with an unidentified man. The man was armed with a powerful "long gun." Defendant threw a toy truck against Hood's home and, when Hood emerged to investigate, the unidentified man shot Hood.

Defendant raises four issues on appeal. We address each respectively.

## II. EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL

Defendant argues that her trial counsel was ineffective for opposing the prosecution's attempt to admit the preliminary examination testimony of an unavailable witness. We disagree.

-1-

To properly preserve a claim of ineffective assistance of counsel, a defendant must move for either a new trial or a *Ginther*[1] evidentiary hearing; failure to make any such motion "ordinarily precludes review of the issue unless the appellate record contains sufficient detail to support the defendant's claim." *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). Defendant did not move for a new trial or a *Ginther* hearing; therefore, her ineffective assistance of counsel claim is unpreserved.

"[W]hether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). Where no *Ginther* hearing was conducted to develop the record on appeal, this Court's review regarding ineffective assistance is limited to "errors apparent on the record . . . ." *People v Buie*, 298 Mich App 50, 61; 825 NW2d 361 (2012).

When reviewing a claim of ineffective assistance of counsel, there is a strong presumption in favor of the adequacy of counsel and "the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). To assert a valid claim of ineffective assistance, "a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms[,] (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different," and (3) the ultimate result was "fundamentally unfair or unreliable." *Id.* The "reviewing court must not evaluate counsel's decisions with the benefit of hindsight," but should "ensure that counsel's actions provided the defendant with the modicum of representation" constitutionally required. *People v Grant*, 470 Mich 477, 485; 684 NW2d 686 (2004), citing *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Counsel will not be deemed ineffective for failing to pursue a meritless or futile position: "The Sixth Amendment does not require that counsel do what is impossible or unethical." *People v Mitchell*, 454 Mich 145, 164; 560 NW2d 600 (1997), quoting *United States v Cronic*, 466 US 648, 656 n 19; 104 S Ct 2039; 80 L Ed 2d 657 (1984).

Preliminarily, we note that the trial court's exclusion of Devonta Smith's preliminary examination testimony was proper. The prosecution presented no admissible evidence to support the fact that it had exercised due diligence in attempting to locate Smith, which is required before the prosecution can admit such evidence under MRE 804. *People v Bean*, 457 Mich 677, 684; 580 NW2d 390 (1998). Accordingly, defendant's trial counsel was not ineffective for failing to advance the meritless position that the testimony was improperly excluded. Indeed, defendant's trial counsel was ethically precluded from making such an argument if he knew that the law did not support it. MRPC 3.3(a).

Moreover, defendant has failed to offer evidence to rebut the presumption that her trial counsel's decision regarding Smith's testimony was based on sound trial strategy: "[D]ecisions regarding what evidence to present and which witnesses to call are presumed to be matters of trial strategy . . . ." *People v Dunigan*, 299 Mich App 579, 589-590; 831 NW2d 243 (2013).

---

[1] *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973).

Because counsel's trial strategy is presumed to be effective, a defendant challenging counsel's decision not to admit certain evidence must rebut the presumption of effectiveness. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009), citing *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Indeed, our review of the record indicates that defendant's trial counsel could have reasonably concluded that Smith's preliminary examination testimony would be more damaging to defendant's case than exculpatory.

Finally, there is no record evidence to demonstrate that the alleged ineffectiveness prejudiced defendant or resulted in a fundamentally unfair or unreliable trial. On the contrary, given the fact that the excluded testimony contained numerous details never introduced at trial, and those details were incriminating to defendant, defendant has failed to demonstrate prejudice from its exclusion. Similarly, there is no indication that the testimony would have altered the outcome—it was at least as harmful to defendant's position as it was helpful.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution failed to proffer sufficient evidence to support each element of the offenses for which she was convicted. We disagree.

This Court reviews the sufficiency of the evidence presented during a bench trial de novo. *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005). The evidence is viewed in the "light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). The reviewing "court must 'draw all reasonable inferences and make credibility choices in support of the [] verdict.' " *People v Cameron*, 291 Mich App 599, 613; 806 NW2d 371 (2011), quoting *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). This Court will not replace its judgment for that of the factfinder regarding what inferences can be fairly drawn from the evidence. *People v Kosik*, 303 Mich App 146, 150-151; 841 NW2d 906 (2013). "Circumstantial evidence and the reasonable inferences that arise from that evidence can constitute satisfactory proof of the elements of the crime." *Id.* at 151, citing *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

Unlike conspiracy or felony murder, "aiding and abetting is not a separate substantive offense." *Robinson*, 475 Mich at 6. Instead, aiding and abetting "is simply a theory of prosecution that permits the imposition of vicarious liability for accomplices." *Id.* (quotation marks omitted), quoting *People v Perry*, 460 Mich 55, 63 n 20; 594 NW2d 477 (1999). The aiding and abetting theory, which is described at MCL 767.39, has three elements: (1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended to aid the charged offense, knew the principal intended to commit the charged offense, or, alternatively, that the charged offense was a natural and probable consequence of the commission of the intended offense. *Robinson*, 475 Mich at 6, 15. To be found guilty under an aiding and abetting theory, the defendant need not have the same intent as the principal; the defendant simply must have the intent described in the third element above. *Id.* at 14.

## A. ASSAULT WITH INTENT TO DO GREAT BODILY HARM

Pursuant to MCL 750.84, there are two elements for assault with intent to do great bodily harm: "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm *less than murder*." *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005), quoting *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997). "Intent to do great bodily harm" is defined as "intent to do serious injury of an aggravated nature." *Brown*, 267 Mich App 147, quoting *People v Mitchell*, 149 Mich App 36, 39; 385 NW2d 717 (1986).

It is undisputed that defendant's passenger committed an assault against Hood by shooting her. But defendant argues that no evidence exists to support the conclusion that she either aided or encouraged the commission of that assault or had the requisite intent to be convicted of aiding and abetting assault with intent to do great bodily harm.

Defendant's argument ignores the fact that circumstantial evidence, and the inferences drawn from it, can be sufficient evidence to establish the elements of a crime. Indeed, in cases where the proof of the crime is circumstantial, motive is particularly important. *People v Unger*, 278 Mich App 210, 223-224; 749 NW2d 272 (2008), citing *People v Fisher*, 449 Mich 441, 453; 537 NW2d 577 (1995). The evidence demonstrates that defendant had a motive to harm Hood. Defendant was extremely angry with Whitmire. She was so angry that she tried to hit Whitmire with her car and also tried to break out the windows of Hood's home. Even after Whitmire left, and the police had been called, defendant came back to the home, challenging Hood to a fight and threatening her. It is undisputed that defendant left in her car, only to return in it a short time later along with a man who carried a powerful "long gun" capable of shooting ammunition that could pass through the home and its contents unabated. She threw a toy truck at the home, then ran back to her car. When Hood came outside to see what was happening, defendant's passenger exited the vehicle and opened fire, shooting Hood.

From those circumstances, the trial court reasonably inferred that defendant left Hood's home, picked up the man with the long gun, and returned knowing that the man had the weapon; it was a powerful long gun that would not be easily concealed in a car's front passenger seat. The trial court also inferred from the circumstantial evidence that defendant intentionally lured Hood out of the home by throwing the toy truck at the home. Finally, the trial court inferred that she did so either knowing, or having reason to know, that her passenger was going to fire his weapon at Hood when she emerged from the home.

The inferences drawn by the trial court are reasonable, and this Court will not disturb the factfinder's role of determining what inferences are fairly drawn from circumstantial evidence. *Kosik*, 303 Mich App at 150-151. Thus, although circumstantial, sufficient evidence existed to support defendant's conviction of assault with intent to do great bodily harm under an aiding and abetting theory. By taking affirmative steps to lure Hood outside so she could be shot, defendant performed acts or gave encouragement that assisted the commission of the assault, and she did so either intending to aid the assault or knowing her passenger intended to assault Hood.

## B. FELONY-FIREARM

"The felony-firearm statute applies whenever a person carries or has a firearm in his possession when committing or attempting to commit a felony." *People v Moore*, 470 Mich 56, 62; 679 NW2d 41 (2004) (discussing MCL 750.227b). A person aids or abets felony-firearm if that person "procures, counsels, aids, or abets in [the commission of a felony-firearm offense]." *Id.* at 74 (alteration in original). To prove a defendant aided and abetted a felony-firearm offense, the prosecution must establish

"that a violation of the felony-firearm statute was committed by the defendant or some other person, that the defendant performed acts or gave encouragement that assisted in the commission of the felony-firearm violation, and that the defendant intended the commission of the felony-firearm violation or had knowledge that the principal intended its commission at the time that the defendant gave aid and encouragement." [*Id.* at 70-71.]

It is determined on a case-by-case basis whether a defendant performed such acts or gave such encouragement to assist "in the carrying or possession of a firearm during the commission of a felony." *Id.* at 71, quoting *Carines*, 460 Mich at 768. "Implicit in the *use* of a firearm is the *possession* of that firearm." *Moore*, 470 Mich at 71.

As discussed above, this Court will not disturb the factfinder's determination regarding what inferences may be fairly drawn from circumstantial evidence. *Kosik*, 303 Mich App at 150-151. The trial court reasonably inferred from the circumstantial evidence in this case that defendant intentionally lured Hood outside, with knowledge that defendant's passenger had a high-powered firearm that he intended to use to assault Hood. By doing so, defendant aided and abetted a felony-firearm violation: (1) it is undisputed that defendant's passenger committed a felonious assault against Hood using a firearm, (2) defendant performed acts that assisted the felony-firearm violation by driving her passenger to Hood's home and luring Hood outside, and (3) the trial court inferred from the circumstantial evidence that defendant either intended for her passenger to commit the felony-firearm violation or knew that the passenger intended to commit that violation at the time defendant gave such aid.

## IV. EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING

Defendant contends that her trial counsel was ineffective for failing to object to the trial court's assessment of 10 points for offense variable (OV) 4 and 25 points for OV 13. We disagree.

As discussed above, because defendant failed to move for a new trial or a *Ginther* hearing, our review is limited to "errors apparent on the record . . . ." *Buie*, 298 Mich App at 61. Moreover, the determination of counsel's effectiveness is a mixed question; we review the trial court's factual findings for clear error and review questions of constitutional law de novo. *Trakhtenberg*, 493 Mich at 47.

## A. OV 4

OV 4 is enumerated at MCL 777.34, and 10 points are properly assessed where "a serious psychological injury requiring professional treatment occurred to a victim." *Lockett*, 295 Mich App at 182. Proof that the victim sought professional treatment for the psychological trauma suffered is unnecessary to support the assessment of points for OV 4, but "[t]here must be some evidence of psychological injury on the record to justify a 10-point score." *Id.* at 183, citing MCL 777.34(2); *Wilkens*, 267 Mich App at 740; *People v Hicks*, 259 Mich App 518, 522; 675 NW2d 599 (2003). Evidence of a victim's fear during the commission of the charged offense, or lingering anger afterwards, are sufficient to support the assessment of 10 points for OV 4. *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012). Moreover, testimony from a preliminary examination may be considered in assessing offense variables. See *People v McDonald*, 293 Mich App 292, 300; 811 NW2d 507 (2011).

Defendant argues that there is no evidence to support the trial court's assessment of 10 points for OV 4. Although there is no evidence that Hood sought treatment for psychological trauma as a result of the injuries she sustained, her testimony at trial and at the preliminary examination indicated that she was afraid during the commission of the offense and has lingering "aggravation" as a result. Such evidence was sufficient to justify the assessment of 10 points for OV 4. Since the trial court's assessment of points was appropriate, defendant's trial counsel was not ineffective for failing to object to it at sentencing. Counsel will not be deemed ineffective for failure to assert a futile objection. *People v Crews*, 299 Mich App 381, 401; 829 NW2d 898 (2013), citing *People v Goodin*, 257 Mich App 425, 433; 668 NW2d 392 (2003).

## B. OV 13

OV 13 is enumerated at MCL 777.43 and applies where the sentencing offense is part of a "continuing pattern of criminal behavior." *People v Gibbs*, 299 Mich App 473, 487; 830 NW2d 821 (2013), quoting MCL 777.43(1). All crimes within a five-year period are counted, including the sentencing offense and any offenses that did not result in conviction. *Id.,* quoting MCL 777.43(2)(a). "The sentencing court must assess 25 points if '[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person[.]' " *Id,.* quoting MCL 777.43(1)(c); alteration in original. Under MCL 777.43(1)(c), it is proper to consider "more than one instance arising out of the same criminal episode" or "multiple concurrent offenses arising from the same incident." *Id.* at 487-488, citing *People v Harmon*, 248 Mich App 522, 524-526, 532; 640 NW2d 314 (2001) (holding that 25 points were properly assessed for a pattern of felonious criminal activity where a defendant took two nude photographs of two underage girls, resulting in four distinct criminal acts).

Defendant admits that it is *unclear* from the record why the trial court assessed 25 points for OV 13, but she nevertheless asserts that it *is clear* that defendant's trial counsel was ineffective by failing to object to that assessment. First, because defendant bears the burden of proof and has failed to cite record evidence supporting her claim of ineffective assistance of counsel, that claim necessarily fails: a party "may not merely state a position and then leave it to this Court to discover and rationalize the basis for the claim." *People v Mackle*, 241 Mich App 583, 604 n 4; 617 NW2d 339 (2000) (citations omitted). Defendant cannot prevail by simply

announcing that it is clear from the record that she received ineffective assistance of counsel, citing no record evidence in support of that position.

Secondly, the trial court's assessment is justifiable from review of the record; therefore, defendant suffered no prejudice from her counsel's allegedly deficient performance. Felony-firearm is not categorized as a "crime against a person," so defendant's felony-firearm conviction does not contribute to the number of felonious crimes against a person properly considered under OV 13. See, e.g., *People v Bonilla-Machado*, 489 Mich 412, 416; 803 NW2d 217 (2011) (holding that a crime categorized as a "crime against public safety" could not be used to establish a pattern of felonious crimes against people under OV 13).

However, any offenses that did not result in conviction *are* properly considered. *Gibbs*, 299 Mich App at 487, quoting MCL 777.43(2)(a). Defendant committed a number of other offenses that support the conclusion that the charged offense was part of a pattern of felonious criminal activity that involved at least three crimes against people. Defendant was convicted of assault with intent to do great bodily harm, which establishes one felonious crime against a person. MCL 777.16d. Likewise, the testimony and evidence adduced at trial indicate that defendant's conduct involved several other felonies classified as crimes against a person, for example: (1) discharging a firearm from a motor vehicle causing physical injury, MCL 750.234a(1)(b), which is a crime against a person under MCL 777.16m; and (2) intentional discharge of a firearm at a dwelling causing serious impairment of a body function, MCL 750.234b(4), which is a crime against a person under MCL 777.16m. Similarly, defendant's attempts to hit Whitmire with her car that same night were certainly an assault with a dangerous weapon under MCL 750.82(1), which is a crime against a person pursuant to MCL 777.16d. Likewise, those attempts to hit Whitmire with a car were likely an assault with intent to do great bodily harm. See, e.g., *People v Russell*, 297 Mich App 707; 825 NW2d 623 (2012) (upholding a defendant's conviction for assault with intent to do great bodily harm where the defendant intentionally hit someone with a car).

Accordingly, the trial court properly assessed 25 points for OV 13 because it was permitted to consider the charged offense and other criminal offenses that did not result in conviction as constituting a pattern of three of more felonious crimes against a person pursuant to MCL 777.43(1)(c). *Gibbs*, 299 Mich App at 487. Because trial counsel will not be considered ineffective for failing to raise a futile objection, *Crews*, 299 Mich App at 401, defendant's trial counsel was not ineffective by failing to object to the trial court's proper assessment of 25 points for OV 13.

V. SCORING OF OV 14

Defendant argues that she is entitled to resentencing because the trial court erred in assessing 10 points against defendant for OV 14. We disagree.

OV 14 is enumerated at MCL 777.44 and "is scored at either 10 points or zero points, depending on whether the defendant was 'a leader in a multiple offender situation' when considering the 'entire criminal transaction.' " *People v Rhodes (On Remand)*, 305 Mich App 85, 87; 849 NW2d 417 (2014), quoting MCL 777.44. We need not determine whether defendant was a leader for purposes of OV 14 because, "[w]here a scoring error does not alter the

appropriate guidelines range, resentencing is not required." *People v Francisco*, 474 Mich 82, 91 n 8; 711 NW2d 44 (2006), citing *People v Davis*, 468 Mich 77, 83; 658 NW2d 800 (2003).

Pursuant to MCL 777.16d, assault with intent to do great bodily harm is a Class D felony. Pursuant to MCL 777.65, where a defendant found guilty of a Class D felony has a total PRV score of less than nine points, and a total OV score of 75 points *or more*, the appropriate guidelines range is 10 to 23 months.

Defendant's total PRV score was zero and, before the trial court assessed 10 points against defendant for OV 14, her total OV score was 80. Thus, even if defendant is correct that the trial court erred by assessing 10 points for OV 14, that error could not have altered defendant's guidelines range; her total OV score exceeded 75 points *before* the trial court assessed additional points for OV 14. Therefore, resentencing is unnecessary.

## VI. CONCLUSION

It is not apparent from review of the record that defendant received ineffective assistance of counsel at either trial or sentencing. Furthermore, sufficient evidence supported defendant's convictions, and it is unnecessary to remand for resentencing because the alleged error by the trial court regarding OV 14 could not have altered the applicable guidelines range.

Affirmed.

/s/ Kathleen Jansen
/s/ David H. Sawyer
/s/ Karen M. Fort Hood

-8-