NOT DESIGNATED FOR PUBLICATION

No. 109,165

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID LAWRENCE SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; MARTIN J. ASHER, judge. Opinion on remand filed May 13, 2016. Affirmed.

*Robert D. Campbell*, of Campbell Law Office, P.A., of Atchison, for appellant.

*Gerald R. Kuckelman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., POWELL, J., and JOHNSON, S.J.

POWELL, J.: This case returns to us upon remand from the Kansas Supreme Court. David Lawrence Smith was convicted of one count of aggravated indecent liberties with a child under 14 years of age and two counts of aggravated indecent liberties with a child over 14 years of age but less than 16 years of age. Smith appealed, asserting several allegations of error challenging both his convictions and sentences. Our court affirmed Smith's convictions, but the panel divided over how to calculate Smith's criminal history score. *State v. Smith*, No. 109,165, 2015 WL 1122951 (Kan. App. 2015) (unpublished opinion). The majority held that Smith's May 1993 conviction for aggravated battery in Kansas should be scored as a person felony, while Smith's conviction for felonious

1

assault in the state of Michigan in 1981 had to be scored as a nonperson felony in light of the Kansas Supreme Court's ruling in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified* by Supreme Court order September 19, 2014. Judge Atcheson dissented in part, stating he would hold that Smith's Kansas aggravated battery conviction be classified as a nonperson felony in accordance with the rationale of *Murdock* and because classifying otherwise comparable in-state and out-of-state convictions differently would violate Smith's right to equal protection under the law. *Smith*, 2015 WL 1122951, at *24 (Atcheson, J., dissenting).

Smith petitioned for review by the Kansas Supreme Court, claiming, *inter alia*, that our court's classification of his Michigan conviction as a nonperson felony while classifying his Kansas conviction as a person felony constituted a violation of his equal protection rights. Our Supreme Court granted Smith's petition only as to this issue, vacated our court's holding classifying Smith's conviction in Michigan for felonious assault in 1981 as a nonperson felony, and remanded the issue for reconsideration in light of its decision in *State v. Keel*, 302 Kan. 560, 589-90, 357 P.3d 251 (2015) (overruling *Murdock*).

Because this case returns to us by way of remand from the Kansas Supreme Court, we need not recite the facts again, other than to state that Smith objected at sentencing to his criminal history score in the presentence investigation report, claiming that two pre-Kansas Sentencing Guidelines Act (KSGA) convictions—the aggravated battery in Kansas in May 1993 and the felonious assault in Michigan in 1981—should not have been scored as person felonies. Pursuant to the remand, the sole question before us is whether Smith's Michigan conviction should be scored as a person or nonperson felony under the KSGA. Such a question is one of law over which our review is unlimited. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

"In scoring prior convictions and juvenile adjudications for purposes of determining an offender's criminal history score, a distinction is made between prior felony and misdemeanor convictions or adjudications as well as whether those convictions or adjudications constitute 'person' or 'nonperson' offenses. [Citation omitted.] . . . Generally, the legislature designated a crime as a person offense if the crime inflicted or could inflict physical or emotional harm to another. [Citations omitted.] . . . In most cases, person crimes are weighted more heavily than nonperson crimes in determining an offender's criminal history score. See K.S.A. 21-4709." *Keel*, 302 Kan. at 574-75.

According to the KSGA, out-of-state convictions are classified as felony or misdemeanor crimes according to the convicting jurisdiction—in this case, the state of Michigan. See K.S.A. 2015 Supp. 21-6811(e)(2). According to Mich. Comp. Laws § 750.84 (1981)—which we note is not entitled "felonious assault" as listed on Smith's PSI but instead is entitled "assault with intent to do great bodily harm less than murder"—specifically lists this crime as a felony. Therefore, the crime is properly classified as a felony.

The next step in our analysis is to determine whether this conviction should be classified as a person or nonperson felony for criminal history score purposes by comparing Smith's Michigan crime of conviction with "comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed." K.S.A. 2015 Supp. 21-6811(e)(3); see also 302 Kan. 560, Syl. ¶ 9 (classification of prior crime as person or nonperson for criminal history purposes must be based upon classification of comparable offense when current crime committed). In evaluating what is a comparable offense, the essential question is whether the offenses are similar in nature and cover similar conduct. *State v. Barajas*, 43 Kan. App. 2d 639, 643, 230 P.3d 784 (2010). In making this comparison, the elements of the Michigan crime do not need to be identical to the elements of a Kansas crime for them to be

3

comparable. See *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003), *overruled in part by State v Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015).

Mich. Comp. Laws § 750.84 (1981), assault with intent to do great bodily harm less than murder, provides:

> "Any person who shall assault another with intent to do great bodily harm, less than the crime of murder, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years, or by fine of not more than 5,000 dollars."

The term "assault" is not defined in the statute, but the Michigan courts have delineated the elements of "assault with intent to commit great bodily harm less than murder" to require proof of "(1) an attempt or offer with force or violence to do corporal hurt to another (an assault), (2) coupled with an intent to do great bodily harm less than murder." *People v. Harrington*, 194 Mich. App. 424, 428, 487 N.W.2d 479 (1992). Under Michigan law, "battery is the consummation of the assault," *People v. Rivera*, 120 Mich. App. 50, 55, 327 N.W. 2d 386 (1982), but no actual physical injury is required to establish elements of offense of assault with intent to commit great bodily harm less than murder. *Harrington*, 194 Mich. App. at 430.

In light of this, it appears that the language in the Michigan statute is broadly comparable to Kansas' assault, aggravated assault, attempted aggravated battery, or aggravated battery statutes as they existed prior to the criminal code recodification effective July 1, 2011, all of which were person crimes. See K.S.A. 21-3408 (assault is person misdemeanor); K.S.A. 21-3410 (aggravated assault is person felony); K.S.A. 21-3414(b) (aggravated battery is person felony); K.S.A. 21-3301(c) (attempt to commit nondrug felony ranked two severity levels below underlying or completed crime). Accordingly, we have no trouble concluding that Smith's prior conviction under Mich.

Comp. Laws § 750.84 (1981) is properly listed as a person felony on Smith's PSI, and the district court did not err in so finding.

Affirmed.