# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

NORMAN BROWN,

Defendant-Appellant.

UNPUBLISHED
July 11, 2017

No. 330761
Wayne Circuit Court
LC No. 15-001597-01-FC

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, carrying a dangerous weapon with unlawful intent, MCL 750.226, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 2 to 10 years' imprisonment for the AWIGBH conviction, one to five years' imprisonment for the carrying a dangerous weapon with unlawful intent conviction, and two years' imprisonment for the felony-firearm conviction. We affirm.

This appeal arises out of the nonfatal shooting of Kuylon Brown (victim) on January 23, 2015, in Detroit, Michigan. The evening began in this case, as explained by the prosecutor when defendant went onto the victim's property because someone in a burgundy Equinox had sideswiped defendant's Explorer. So shortly after 6:00 p.m., the victim returned home from work. When he arrived, his nine-year-old son opened the gate leading to the backyard, and the victim backed his burgundy Equinox up the driveway and into the backyard. Defendant, who was carrying a concealed firearm, walked across the street with his brother, Desmond Brown.[1] The duo went, uninvited, onto the victim's property. As they were approaching, the victim heard one of them say, "Are you sure that's him?." The other man replied, "yeah, I'm sure." Desmond then knocked the victim's young son to the ground, and the victim's dog ran out from the backyard attacking Desmond. Desmond then drew a gun and began shooting at the dog. In an attempt to get to his son who was still near the gate, the victim, still in his vehicle, accelerated

---

[1] Because the defendant, his brother and the victim all have the last name of Brown, defendant will be referred to as defendant, his brother as Desmond and the victim as victim.

-1-

forward and hit defendant. Defendant then opened fire on the Equinox, striking the victim in the left shoulder, lip, and fingertips. On appeal, defendant argues that there was insufficient evidence presented for a reasonable jury to have found him guilty beyond a reasonable doubt of carrying a dangerous weapon with unlawful intent. Additionally, defendant argues, because that conviction should be vacated, he is entitled to resentencing, specifically on the AWIGBH conviction. We disagree and affirm.

Challenges to the sufficiency of the evidence are reviewed de novo. *People v McGhee*, 268 Mich App 600, 622; 709 NW2d 595 (2005). Evidence should be viewed "in a light most favorable to the prosecution and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the Jury verdict." *Id*. at 713 citing *People v Nowach*, 462 Mich 392, 400; 614 NM2d 78 (2000). A "prosecutor is not obliged to disprove every reasonable theory consistent with innocence to discharge its responsibility; it need only convince the jury 'in the face of whatever contradictory evidence the defendant may provide.' Further, [c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. at 713. "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

On appeal, defendant only specifically challenges the sufficiency of the evidence supporting his carrying a dangerous weapon with unlawful intent conviction. "The elements of MCL 750.226 are commonly referred to as: (1) *carrying* a firearm or dangerous weapon, (2) with the intent to unlawfully use the weapon against another person." *People v Mitchell*, 301 Mich App 282, 292; 835 NW2d 615 (2013) quoting *People v Harrington*, 194 Mich App 424, 429; 487 NW2d 479 (1992) (emphasis added in opinion). The statute identifies a "dangerous weapon" as a pistol or other firearm, "pneumatic gun, dagger, dirk, razor, stiletto, or knife having a blade over 3 inches in length, or any other dangerous or deadly weapon or instrument." MCL 750.226(1). To find a defendant guilty, "the evidence must establish that that accused departed from a location while equipped with a qualifying weapon in his possession and, *at the time of departing*, had the intent to use the weapon unlawfully against another person." *Mitchell*, 301 Mich App at 293 (emphasis added). On appeal, defendant does not contest that the gun used in the shooting qualifies as a dangerous weapon. Rather, defendant specifically takes issue with the second element: intent. Defendant argues that the prosecution did not prove beyond a reasonable doubt that when defendant went across the street to the victim's home, armed with a gun, he brought the gun for an unlawful purpose.

Defendant's intent at the time of the shooting is clear. At trial, the record shows when defendant and Desmond approached the victim's property, the conversation between the two of them was that the victim was "the one" which is a threat. The jury was free to believe that defendant who by his own admission had a gun in his possession as he approached the victim's property, had an unlawful purpose on the basis of the threat or identification that the victim was "the one." This is sufficient to sustain a conviction of carrying a weapon with unlawful intent, which requires the prosecution establish that defendant "departed from a location while equipped with a qualifying weapon in his possession and, *at the time of departing*, had the intent to use the weapon unlawfully against another person." *Mitchell*, 301 Mich App at 293 (emphasis added).

-2-

Accordingly, we affirm defendant's carrying a dangerous weapon with unlawful intent conviction.

Defendant next argues that he is entitled to resentencing on his AWIGBH conviction because the carrying a dangerous weapon with unlawful intent conviction was used in calculating defendant's minimum sentencing guidelines range, and he is entitled to be sentenced based on correct information. Additionally, defendant argues, resentencing is required because in considering the carrying a dangerous weapon with unlawful intent conviction, "the sentencing guidelines range [for the AWIGBH conviction] was raised from B-V (10 to 23 months; straddle cell) to C-V (19 to 38 months; prison cell) by the scoring of [prior offense variable (PRV)] 7 at 10 points for the concurrent carrying with unlawful intent conviction, a separate and distinct ground for resentencing under MCL 769.34(10)." This argument is meritless based on our previous holding that there was in fact sufficient evidence of the carrying a dangerous weapon with unlawful intent conviction.

Next, defendant raises a claim of ineffective assistance of counsel. Defendant argues that the fact that a stipulation that defendant had a concealed weapons permit (CWP) was not put on the record was error and made trial counsel ineffective. While we agree it was error to not put the stipulation on the record, it does not rise to the level of ineffective assistance of counsel.

Because, there is nothing in the lower court record to indicate that defendant requested a new trial or a Ginther hearing, this issue is unpreserved. "Appellate review of an unpreserved argument of ineffective assistance of counsel, like this one, is limited to mistakes apparent on the record." *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016). "Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law, and a trial court's findings of fact are reviewed for clear error, while questions of constitutional law are reviewed de novo." *Id*. at 174 (internal citations omitted).

Counsel is presumed effective, and a defendant bears a heavy burden to prove otherwise. *Id*. "To establish ineffective assistance of counsel, the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *Id*. (internal quotation marks and citation omitted). Prejudice to the defendant "can be shown by proving that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015) (internal quotation marks and citation omitted).

Under this case law and the facts of this case, defendant was not prejudiced by his counsel's performance because there is no reasonable probability that the outcome would have been different. In essence, all the evidence both sides wanted presented to the jury was in the record through argument of counsel and testimony. The prosecutor admitted that even during his opening statement that defendant had a CPL. There was simply no dispute that this was a fact. Additionally, the jury instruction regarding a stipulation states, "When the lawyers agree on a statement of facts, these are called stipulated facts. You may regard such stipulated facts as true, but you are not required to do so." CJI2d 4.7. Therefore, the jury would not even be required to believe the stipulation to be true. Clearly, in this case, however, both sides made it quite evident that the fact defendant had a CPL was true. While the argument of counsel is not evidence, the

argument by both sides assumed defendant had a CPL, and therefore counsel was not ineffective despite the error of the stipulation regarding the CPL not being put on the record. "But for" the stipulation not being put on the record does not result in a reasonable probability that the outcome would have changed. *Cooper*, 309 Mich App at 80.

Affirmed.

/s/ Michael J. Riordan
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle